UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **CHESTER HURST, SHERRY HURST,** *Plaintiffs* | § § § |
| | §   No.  1:22-CV-01093-DAE |
| v. | § § |
| **LIBERTY MUTUAL INSURANCE COMPANY,** *Defendant* | § § § § |

# ORDER

Before the Court is Defendant Liberty Mutual Insurance Company's Motion to Exclude the Testimony of Plaintiffs' Designated Experts Phil Spotts, Keith Colson, and Micah Harrison, Dkt. 14. The District Judge referred the motion to the undersigned for disposition. The Court set the motion for hearing, and after considering the arguments made at that hearing, along with the parties' filings and the applicable law, the Court denied the motion. The Court announced its ruling, and the reasons for it, on the record. This written order memorializes that decision.

## I.  BACKGROUND

Plaintiffs Chester and Sherry Hurst sued the provider of their homeowners' insurance, Liberty Mutual Insurance Company, for the company's alleged failure to pay on a hail-damage claim they filed under their policy. Dkt. 1, at 9-23. The Hursts' petition, originally filed in Llano County state court, asserts various causes of action arising under Texas common law, the Texas Deceptive Trade Practices Act, and the

1

Texas Insurance Code. *Id.* at 15-21. Liberty Mutual removed the case to this Court on the basis of diversity. *Id.* at 2-3.

As required by the Court's scheduling order, the Hursts served Liberty Mutual with their expert designations and filed a notice with the Court confirming their service. Dkt. 12. Shortly thereafter, Liberty moved to exclude three of the Hursts' experts: (1) Phil Spotts, designated as an expert in handling property claims, (2) Keith Colson, a roofing contractor, and (3) Micah Harrison, the Hursts' appraiser. Dkt. 14. Liberty Mutual essentially moves to exclude these experts on two grounds. First, Liberty Mutual contends that all three experts' testimony is irrelevant as a matter of law. Dkt. 14, at 4-8. Liberty Mutual asserts these same arguments in support of its motion for summary judgment, which has yet to be ruled on. *See* Dkt. 13. Liberty Mutual also moves to exclude the three experts for failing to support their assumption that a hail event occurred in the alleged timeframe. Dkt. 14, at 9-11. Additionally, Liberty Mutual challenges the relevance of Spotts's testimony regarding the Hursts' entitlement to extra-contractual relief, and for his failure to address alternative causation theories. *Id.* at 9; Dkt. 14-6 (Rimkus report).

## II. LEGAL STANDARD

The Supreme Court acknowledged in *Daubert v. Merrell Dow Pharmaceuticals* that Federal Rule of Evidence 702 is the proper standard for determining the admissibility of expert testimony. 509 U.S. 579, 597-98 (1993). Under *Daubert* and Rule 702, the district court must act as a "gatekeeper" by ensuring that an expert's testimony rests on a reliable foundation. *Id.*; Fed. R. Evid. 702. Courts must admit

expert testimony if (1) the expert is qualified; (2) the evidence is relevant to the litigation; and (3) the evidence is reliable. *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 782 (N.D. Tex. Nov. 20, 2013). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire v. Carmichael*, 526 U.S. 137, 147 (1999).

Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Nonetheless, courts need not admit testimony that is based purely on the unsupported assertions of the expert. *Gen. Elec. Co. v. Joinder*, 522 U.S. 136, 146 (1997); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). The focus of the reliability inquiry is on the principles and methodology an expert uses in forming her opinions rather than the expert's conclusions. But in conducting the reliability analysis, the Court must also consider whether, for a given conclusion, "there is simply too great an analytical gap between the data and the opinion proffered." *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997). The party proffering expert testimony has the burden of establishing that the challenged testimony is admissible. Fed. R. Evid. 104(a).

### III.   DISCUSSION

As stated on the record, the undersigned views Liberty Mutual's barred-as-a-matter-of-law argument as better suited for resolution on summary judgment and is not a proper basis for disqualifying the Hursts' experts at this stage of the litigation.

As for its remaining arguments, Liberty Mutual does not challenge any of the experts' qualifications, arguing instead that their testimony is unreliable for failing to support a key assumption underlying their testimony, i.e., that a hail event occurred in the area of the Hursts' home on or about June 1, 2021. As stated on the record, the Court disagrees and finds that sufficient evidence supports this basis of their opinions and thus their testimony should not be excluded for this reason. The Court likewise, for the reasons stated on the record, disagrees that Spotts's testimony should be disallowed for failing to adequately respond to the Rimkus report. The Court finds that the Hursts have established the reliability and relevance of Spotts's proposed testimony by a preponderance of the evidence, Fed. R. Evid. 702, and any shortcomings alleged by Liberty Mutual can be addressed on cross examination.

## IV.     ORDER

For the reasons stated above and on the record, the Court **DENIES** Defendant's Motion to Exclude the Testimony of Plaintiffs' Designated Experts Phil Spotts, Keith Colson, and Micah Harrison, Dkt. 14.

SIGNED December 18, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE